# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Larry and Deborah Daughters,**
**Defendants Below, Petitioners**

**FILED**

July 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0841** (Morgan County 11-C-26)

**Susan Rickard,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioners Larry and Deborah Daughters, *pro se*, appeal a final order of the Circuit Court of Morgan County, entered June 22, 2012, finding that respondent had a prescriptive easement over their property for the limited purpose of ingress and egress. Respondent Susan Rickard, pro se, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons expressed below, the decision is reversed and this case is remanded for entry of judgment in petitioners' favor. In so holding, this Court finds that this case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners own two acres of land in the Sleepy Creek District of Morgan County, West Virginia. Petitioners' property is bordered on the east by River Road. To the south and west, there is property owned by Ronald L. Clingerman. To the north, Petitioners' property is bordered by a forty-foot wide right of way ("Road A"), respondent's use of which is not in dispute. Road A runs from River Road to respondent's property.

In November of 2010, petitioners and Mr. Clingerman engaged in a property exchange where they exchanged .3 acres on their southern border for .3 acres on their western border. The property exchange was made subject to the Road A right of way which forms the northern border of the .3 acres petitioners obtained on the western edge of their property.

Road B, a dirt road, connects at two different points with Road A to form a loop. Most of Road B remains on Mr. Clingerman's property. However, on the portion of land Mr. Clingerman exchanged with petitioners, they have now blocked respondent's use of Road B with trees and stumps. While respondent can access her property by Road A alone, it is easier for her to make her ingress and egress via Road B during wintertime because Road A has a steep incline.

1

On March 21, 2011, respondent sued petitioners in circuit court to have them unblock Road B and make the road passable for her as it was previous to their property exchange with Mr. Clingerman. The matter came on for a bench trial on June 22, 2012.

Respondent cross-examined Mr. Clingerman who was a witness for petitioners:

Q.     Okay, Mr. Clingerman, why do you state that it is your road?

A.     Because it actually does come across my property.

Q.     But who put the road in there?

A.     [Respondent's predecessor-in-title] Leon Householder put the road down across the piece of ground that I purchased and he said at the time do you give her permission to go across[—]this will be your piece of property[—]and I said yes, but I also said if I ever sell it it'll be left up to whoever purchases it whether they want to –

Q.     You never told me that –

A.     No.

Q.     – never consulted me when you traded the property about the right-of-way and that right-of-way has there for more than ten years and you had no problems with me using it, correct?

A.     No, you've always had permission to go across.

*     *     *

Q.     And it has been a right-of-way for more than 20 years, correct?

A.     I've given you permission as the landowner.

In a final order entered June 22, 2012, the circuit court found that Mr. Clingerman was "the previous land owner," but determined that "[he] never brought an action to prevent [respondent's] movement upon the [Road B]." The circuit court never addressed whether Mr. Clingerman granted respondent permission to use Road B.

The circuit court found that respondent had a prescribed easement over petitioners' property for the limited purpose of ingress and egress. The circuit court ordered petitioners to remove the stumps blocking Road B and return the road to its previous condition within thirty days of its order. The circuit court clarified, however, that respondent would be responsible for Road

B's maintenance.

We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioners assert that all use of Road B had been with Mr. Clingerman's permission and that respondent's use of the road did not become adverse until they became the owners, a period of only two years. Respondent argues that the circuit court did not err in finding that she has a prescriptive easement over petitioners' property for the limited purpose of ingress and egress. Respondent notes, inter alia, that "Mr. Clingerman stated in Court that he never had a problem with me using [Road B] all the time he owned that 0.30 acres."

In *O'Dell v. Stegall*, 226 W.Va. 590, 703 S.E.2d 561 (2010), this Court clarified the law regarding prescriptive easements and adopted the fundamental policy that "easements by prescription are absolutely not to be favored." 226 W.Va. at 599, 703 S.E.2d at 570. In Syllabus Point 1, we explained as follows:

> A person claiming a prescriptive easement must prove each of the following elements: (1) the adverse use of another's land; (2) that the adverse use was continuous and uninterrupted for at least ten years; (3) that the adverse use was actually known to the owner of the land, or so open, notorious and visible that a reasonable owner of the land would have noticed the use; and (4) the reasonably identified starting point, ending point, line, and width of the land that was adversely used, and the manner or purpose for which the land was adversely used.

In Syllabus Point 6, we further held that "[i]n the context of prescriptive easements, a use of another's land that began as permissive will not become adverse unless the license (created by the granting of permission) is repudiated."

The circuit court found that Mr. Clingerman was the owner of the .3 acre tract at issue before he transferred it to petitioners in the property exchange. On cross-examination, Mr. Clingerman indicated that there had been a right of way for over twenty years, but that he had given respondent permission to go across Road B. Mr. Clingerman's trial testimony was

3

unrefuted.

Because the permission respondent had to use Road B—granted by Mr. Clingerman—was not repudiated until after petitioners became the owners, respondent's period of use during Mr. Clingerman's ownership cannot be counted towards the requisite ten-year prescriptive period. Therefore, respondent cannot prove that her use of Road B was adverse for the statutorily-required period by clear and convincing evidence. *See* Syl. Pt. 2, *O'Dell*, ("In order to establish a right of way by prescription, all of the elements of prescriptive use, including the fact that the use relied upon is adverse, must appear by clear and convincing proof.") (quoting Syl. Pt. 2, *Beckley National Exchange Bank v. Lilly,* 116 W.Va. 608, 182 S.E. 767 (1935)).

An abuse of discretion can be found when a relevant factor that should have been given significant weight is not considered. *See Banker v. Banker,* 196 W.Va. 535, 548, 474 S.E.2d 465, 478 (1996). In the case at bar, the circuit court never addressed whether Mr. Clingerman, when he was the landowner, granted respondent permission to use Road B, as Mr. Clingerman testified he did. Therefore, after careful consideration, this Court concludes that the circuit court abused its discretion in finding that respondent had a prescriptive easement over petitioners' property.

For the foregoing reasons, we reverse the decision of the Circuit Court of Morgan County and remand this case for entry of judgment in petitioners' favor.

Reversed and Remanded with Directions.

**ISSUED:**   July 8, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Allen H. Loughry II**

**DISSENTING:**

**Justice Menis E. Ketchum**